

OCT -5 2010

CLERK'S OFFICE
U.S. DISTRICT OFFICE
EASTERN MICHIGAN

John Studstill
192 Brentwood St.
Inkster MI 48141
Jstudstill12@gmail.com

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT

**John Studstill Jr**

Plaintiff,

vs.

**BAC Home Loans Servicing, L.P.**

Defendant

*Case:2:10-cv-13975*
*Judge: Cleland, Robert H*
*MJ: Morgan, Virginia M*

PETITION FOR RESTRAINING

ORDER

Date: 10-5-2010

Comes now John Studstill Jr , hereinafter referred to as "Petitioner," and moves the court for relief as herein requested:

### PARTIES

Petitioner is John Studstill Jr. , 192 Brentwood St. Inkster , MI 48141. Currently Known Defendant(s) are/is: BAC Home Loans Servicing, L.P.

Plaintiff will suffer imminent and irreparable injury if defendant is not enjoined from foreclosing on the property owned by Plaintiff. Fed. R. Civ. P. 65(b)(1); *see Sampson v. Murray*, 415 U.S. 61, 88-89 & n.59, 94 S. Ct. 937, 951-52 & n.59 (1974).

### NO ADEQUATE REMEDY IN LAW

There is no adequate remedy at law because once the foreclosure sale has taken place Plaintiff will suffer the complete loss of the property as defendant will sell the property to a third party who will have a right to possession without regard to the claims Plaintiff has against defendant. {See *N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306, 105 S. Ct. 459, 459 (1984); *Wilson v. Ill. S. Ry. Co.*, 263 U.S. 574, 576-77, 44 S. Ct. 203, 203-04

(1924); *Winston v. Gen. Drivers, Warehousemen & Helpers Local Un. No. 89*, 879 F. Supp. 719, 725 (W.D. Ky. 1995.

## SUBSTANTIAL LIKELIHOOD PLAINTIFF WILL PREVAIL

There is a substantial likelihood that plaintiff will prevail on the merits. *Schiavo v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Plaintiff will be able to show that:

- Defendant is liable to Plaintiff for any acts of lender under the Federal Trade Commission Holder Rule (16 CFR 433);

- Defendant who is moving to foreclose is not the real party in interest, and defendant is unable to prove that defendant has agency to represent the real party in interest;

- even if Defendant were able to prove agency for the real party in interest, the real party in interest only has a claim against the signator on the security instrument, and no a claim against the property as Document written to protect the original lender from loss was deliberately bifurcated from the security instrument at the time the lender accepted consideration for the security instrument, rendering the lien document void and unenforceable;

- the lender charged false fees to Plaintiff at closing, as listed on the Housing and Urban Development form 1 (settlement statement), that were forbidden to be charged by federal law;

- the lender dispersed a yield spread premium to the broker in an amount in excess of 1% of the principal in direct contradiction of federal law;

- the loan broker, in consideration of the undisclosed, excessive yield spread premium disbursed to the broker to the lender, breached his/her fiduciary duty to Plaintiff and gave false information to Plaintiff along with partial disclosure to Plaintiff without giving fill disclosure in order to improperly induce Plaintiff to accept an overpriced loan;

- the appraiser, acting in concert and collusion with the lender, gave a false appraisal of the value of the property in order to induce Plaintiff to accept a higher priced loan than Plaintiff qualified for;

## THREATENED HARM TO PLAINTIFF OUTWEIGHS HARM TO DEFENDANT

The threatened harm to plaintiff outweighs the harm that a preliminary injunction would inflict on Defendant. *Schiavo*, 403 F.3d at 1225-26. If defendant is temporarily restrained from selling the instant property, Defendant and Plaintiff will benefit as if Plaintiff is forced to vacate the property, the property will sit empty for duration of this instant action. Plaintiff will suffer loss of the use of said property and will loose opportunity to maintain same and Defendant will suffer loss by having to maintain an empty property that cannot be insured.

Issuance of a preliminary injunction would not adversely affect the public interest and public policy because there are already a great number of empty houses with the current residential foreclosure mess. Adding more will simply increase the burden on the local as it will create opportunity for vandalism and further other criminal activity.

## PLAINTIFF MAKING DUE DILIGENT EFFORT TO NOTICE DEFENDANT

Plaintiff has engaged a professional process server who is attempting to serve this petition, along with all other papers in the instant cause on Defendant. Plaintiff has mailed a copy of this petition to the last known address of Defendant.

## PLAINTIFF WILL SUFFER IMMEDIATE AND IRREPARABLE INJURY

The court should enter this preliminary injunction without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted before defendant can be heard as defendants sale of the property is scheduled to occur on October 06th, 2010. *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). If said sale is allowed to take place, Plaintiff will be irreparably harm

## SET DATE FOR SHOW CAUSE HEARING

Plaintiff asks the court to set the request for a preliminary injunction for hearing at the earliest possible time.

## CONCLUSION

For these reasons, plaintiff asks the court to issue a temporary restraining order preventing defendant from foreclosing on the property until a show cause hearing can be held on Plaintiff's motion for a preliminary injunction.

## PRAYER

15. For these reasons, plaintiff asks that the court do the following:

   a. Defendant be prevented from foreclosing on and selling the property until and unless defendant prevails in the current litigation.

   b. Enter judgment for plaintiff.

   c. Award costs of court.

   d. Grant any other relief it deems appropriate.

Respectfully Submitted,

John Studstill Jr.
Tort (Restraining Order)

Date: 10-5-2010

Comes now John Studstill, hereinafter referred to as "Petitioner," and moves the court for relief as herein requested:

## PARTIES

Petitioner is John Studstill, 192 Brentwood St. Inkster, MI 48141. Currently Known Defendant(s) are/is: BAC Home Loans Servicing, L.P., 3600 Telegraph Road Ste #2345, Bingham Farms, MI 48025.

After considering Petitioner's application for temporary restraining order, the pleadings, the affidavits, and arguments of counsel, the court finds there is evidence that harm is imminent to Petitioner, and if the court does not issue the temporary restraining order, Petitioner will be irreparably injured because Petitioner's application is not granted, harm is imminent and irreparable if Defendants are allowed to proceed with foreclosure, Defendants will foreclose and

liquidate Petitioner's primary residence and leave Petitioner with no home. Petitioner has no place to move or reside due to the cost of litigation and financial distress caused in part by the fraud of Defendants pleadings here. There is no adequate remedy at law to calculate damages to Petitioner if Petitioner is removed from residence and made homeless.

Therefore, the court orders the following:

BAC Home Loans Servicing, L.P. by and through its attorney, is restrained from further proceedings on the issue of foreclosure and sale for which there is a challenge to the standing of Defendants to prosecute foreclosure.

The clerk is ordered to issue notice to Defendant, that the hearing on Petitioner's application for temporary injunction is set for _____, 20___, at _____ a.m./p.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

This order expires on _____, 201___.


SIGNED on _____, 2010, at _____ a.m./p.m.


_____
PRESIDING JUDGE