**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN STUDSTILL, JR.,

    Plaintiff,

v.                                                      Case No. 10-13975

BAC HOME LOANS SERVICING, L.P.,

    Defendant.

_____/

**ORDER TERMINATING AS MOOT
MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff filed an "Original Petition" on October 5, 2010, along with a document entitled "Preliminary Injunction" and another "Petition for Restraining Order," in which he claims, *inter alia*, that Defendant has engaged in tortious conduct and violated several federal statutory provisions relating to the execution and enforcement of Plaintiff's mortgage. Plaintiff's "Original Petition" and "Preliminary Injunction" were docketed as a complaint and a motion for a preliminary injunction, respectively, but the "Petition for Restraining Order" was not immediately docketed, because Plaintiff partly formatted that document as a proposed order by including proposed-order language and a signature line for a judge.

The court construes the "Petition for Restraining Order" as a motion for a temporary restraining order, and it has been docketed as such. However, the court must terminate the motion as moot because, as Plaintiff avers, the foreclosure sale he seeks to enjoin supposedly already occurred during the week of October 6, 2010. The court may not prevent a sale that has already taken place, as such a sale does not pose the threat of "immediate and irreparable injury." *See* Fed. R. Civ. P. 65(b)(1)(A). This

case thus serves as a cautionary tale for litigants, and especially for pro se litigants, of the importance of timely moving and clearly marking and formatting documents seeking urgent relief, such that any request may be readily identified by the Clerk of the Court.

Insofar as Plaintiff seeks damages or declaratory or injunctive relief apart from enjoining the foreclosure sale of the week of October 6, 2010, the court will await Defendant's answer and will set a scheduling or status conference in due course.

Accordingly, Plaintiff's motion for restraining order [Dkt. # 4] is TERMINATED AS MOOT.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 28, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 28, 2010, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522