UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN STUDSTILL JR,

    Plaintiff,

v.

BAC HOME LOANS SERVICING, L.P.,

    Defendant.

Case No. 2:10-cv-13975

Hon. Robert H Cleland
Magistrate Judge Virginia M Morgan

## DEFENDANT BAC HOME LOANS SERVICING, LP'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

November 1, 2010

1

## ISSUES PRESENTED

I.  Has plaintiff made a clear showing that she is entitled to a preliminary injunction under the four factors the Court must consider when determining whether to grant injunctive relief?

# CONTROLLING AUTHORITY

**Cases**

*Barden Detroit Casino, L.L.C. v. Detroit*, 59 F. Supp. 2d 641 (E.D. Mich. 1999)

*Connection Distributing Co. v. Reno*, 154 F.3d 281 (6th Cir. 1998)

*Dixie Fuel Co. v. Commissioner of Social Security*, 171 F.3d 1052 (6th Cir. 1990)

*Frisch's Restaurant v. Shoney's, Inc.*, 759 F.2d 1261 (6th Cir. 1985)

*Gaston Drugs, Inc. v. Metropolitan Life Insurance Co.*, 823 F.2d 984 (6th Cir. 1987)

*Gawloski v. Dallman*, 803 F. Supp. 103 (S.D. Ohio 1992)

*Jackson v. US Bank Loan Servicing*, 2009 WL 2447485 (E.D. Mich.)

*Mazurek v. Armstrong*, 520 U.S. 968 (1997)

*McCain v. Wells Fargo Home Loans, Inc.*, 2007 WL 4219189 (E.D. Mich.)

*Ramik v. Darling Intern., Inc.*, 161 F.Supp.2d 772 (E.D. Mich, 2001)

Troy_590380_1

## INTRODUCTION

Plaintiff John Sudstill, Jr. has been in default on a mortgage loan in the amount of $92,000 since 2009, and has known all along that foreclosure was looming. Nonetheless, plaintiff has waited until the eleventh hour to ask this Court to intervene and enjoin further foreclosure proceedings. Plaintiff's motion offers no justification for why the circumstances of this residential mortgage foreclosure matter warrant the extraordinary remedy of emergency injunctive relief from a federal court. Instead, plaintiff relies on vague and unsupported allegations of fraud. Plaintiff has failed to plead either the standards for granting injunctive relief, or that he can satisfy each of those. For the reasons set forth in substantial detail in BAC's *Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6)*, which is incorporated herein by reference, plaintiff's claims are meritless, and the Court should deny plaintiff's motion for preliminary injunction.

## SUMMARY OF FACTS

On May 13, 2003, plaintiff received a refinance mortgage loan on the Property from AEM in the amount of $92,000. *See,* Complaint, p.1; *see also,* **Exhibit A**, Note, **Exhibit B**, Mortgage. As security for the loan, plaintiff granted a mortgage to AEM. *See,* **Exhibit B**. AEM assigned the mortgage to BAC on September 28, 2010. *See,* **Exhibit C**, Assignment. Plaintiff made payments for more than six years, then stopped. Plaintiff defaulted on the loan and foreclosure proceedings commenced in 2010. *See,* **Exhibit D**, Notice of Foreclosure. In a last minute effort to avoid foreclosure, plaintiff filed this action alleging, *inter alia*, fraud and various irregularities arising from the sale of his mortgage and note. Plaintiff asks the Court to enjoin continued foreclosure proceedings. For the reasons set forth below and in BAC's motion to dismiss, plaintiff's motion should be denied.

## ARGUMENT

A. **Standards For Injunctive Relief.**

Preliminary injunctive relief is an extraordinary remedy. *See, Gunn v. University Comm. to End War in Vietnam*, 399 U.S. 383, 389 (1970) ("an injunctive order is an extraordinary writ, enforceable by the power of contempt"). In determining whether to issue a preliminary injunction, district courts are to consider and carefully balance four factors: "(1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest." *Dixie Fuel Co. v. Commissioner of Social Security*, 171 F.3d 1052, 1059-1060 (6th Cir. 1990). *See, also, Barden Detroit Casino, L.L.C. v. Detroit*, 59 F. Supp. 2d 641, 656-657 (E.D. Mich. 1999). "None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998), *quoting, Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996).

Plaintiff bears the burden of persuasion on all four factors. *See, e.g., Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (a preliminary injunction is a remedy that "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion"), *quoting*, 11A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, §2948, pp. 129-130 (2d ed); *Gaston Drugs, Inc. v. Metropolitan Life Insurance Co.*, 823 F.2d 984, 988 (6th Cir. 1987).

B. **Plaintiff Is Not Entitled To Injunctive Relief.**

    1. **For The Reasons Set Forth In BAC's Incorporated *Motion To Dismiss*, Plaintiff Is Unlikely To Succeed On The Merits Because He Has Not Alleged Any Actionable Claims Against BAC.**

2

Before a court may issue a temporary restraining order, a plaintiff must demonstrate likelihood of success on the merits. A "mere possibility of success" is insufficient to warrant the issuance of an injunction. *Ramik v. Darling Intern., Inc.*, 161 F.Supp.2d 772 (E.D. Mich, 2001). Plaintiff must demonstrate that he has a strong or substantial likelihood of success on the merits of its claims. *See, Frisch's Restaurant v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985). Preliminary injunctions are intended to forestall future violations of one's established legal rights. *See, Gawloski v. Dallman*, 803 F. Supp. 103, 108 (S.D. Ohio 1992).

As set forth in BAC's *Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6)*, which is attached at **Exhibit E** and incorporated herein, plaintiff cannot prevail on any of the nearly two dozen claims he alleges against BAC.

Moreover, in similar cases where plaintiffs have alleged fraud arising from the sale of their mortgages on the secondary mortgage market, this Court has found that such plaintiffs have not shown a likelihood of success on the merits of their claims. In *McCain v. Wells Fargo Home Loans, Inc.*, 2007 WL 4219189 (E.D. Mich.) (attached at **Exhibit F**), the court adopted the magistrate's recommendation that plaintiff's motion for a temporary restraining order be denied. The magistrate's report and recommendation concluded, in part, that plaintiff's allegations concerning the operation of the mortgage market did not demonstrate a likelihood of success on plaintiff's fraud claims:

> "In searching for ways to maintain possession of her home, Plaintiff claims to have discovered that her home mortgage was a fraud akin to 'stealing, counterfeiting and swindling.' The 'fraud' that Plaintiff claims is that her original mortgage with Plymouth Exchange was sold, on the secondary mortgage market, to Washington Mutual Bank and finally to its current holder, Wells Fargo Home Loans. In order to stop this "fraud," Plaintiff seeks a motion ordering Defendant to cease and desist and vacate the premises of her home.

3

> * * *
> **Nothing offered by the Plaintiff in this Motion or her Complaint indicates that she is likely to succeed on the merits of her case. Much has been made of the recent turbulence in the housing market with many claiming that the packaging and sale of mortgages on the secondary mortgage market has obscured the risks posed by such financial instruments. Accordingly, economists are currently, and will continue, debating the best way for the secondary market to operate. In the absence of more facts Plaintiff has not shown that the normal operation of the mortgage market in this case constitutes fraud or a violation of Plaintiff's constitutional rights."** *McCain*, at*1 (internal citations omitted) (emphasis supplied).

So too here, plaintiff has not demonstrated a likelihood of success on his myriad claims, all of which are based upon purported fraud in the secondary mortgage market.

### 2. Plaintiff Will Not Suffer Irreparable Harm.

Even if plaintiff could show that he is likely to succeed on the merits of his claims against BAC (and he has not), plaintiff has not bothered to plead irreparable harm, other than in the most conclusory manner. Plaintiff has ample opportunity to prevent his loss of the Property, including reinstating the loan or redeeming the property within six months from the foreclosure sale, which has been postponed pending the outcome of this litigation. Accordingly, plaintiff has not satisfied the second factor the Court must consider in determining to issue a temporary restraining order.

### 3. The Public Interest Will Not Be Served By Issuing A Temporary Injunction.

Finally, issuing injunctive relief to plaintiff would not be in the public's interest. The public has no interest in allowing plaintiff to extend the life of an agreement that plaintiff has breached and that, consequently, is being properly foreclosed by the loan servicer:

> "Yet, the policy of fostering home ownership is not well served by enjoining mortgagee from foreclosing upon and selling homes that secure loans that go into default. Plaintiff defaulted on her mortgage, and the Defendant took appropriate, legal action by

selling Plaintiff's home as collateral for its loan. While the results for the Plaintiff are unfortunate, it is not fraudulent or illegal action and enforcing mortgages assures the future availability of funding for other potential homeowners." *McCain*, at *2.

Having failed to satisfy the fourth factor of the analysis for granting injunctive relief as well, plaintiff's motion for a temporary restraining order should be denied.

## CONCLUSION

For all the above reasons, the Court should deny plaintiff's request for preliminary injunction. In the alternative, if the Court is inclined to grant plaintiff's motion, BAC respectfully requests an order requiring plaintiff to deposit a reasonable sum into escrow pending the outcome of this matter.

November 1, 2010
BODMAN LLP

By: /s/ Brian C. Summerfield
Brian C. Summerfield (P57514)
201 West Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6000
bsummerfield@bodmanllp.com
Attorneys for Defendant BAC Home Loans Servicing, LP

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF System that will send notification of such filing to all attorneys and parties of record registered electronically, and that I served plaintiff with a copy of the foregoing via Certified U.S. Mail.

November 1, 2010                    BODMAN LLP

                                    By: /s/ Brian C. Summerfield
                                    Brian C. Summerfield (P57514)
                                    201 West Big Beaver Road, Suite 500
                                    Troy, Michigan 48084
                                    (248) 743-6000
                                    bsummerfield@bodmanllp.com
                                    Attorneys for Defendant BAC Home Loans
                                    Servicing, LP