# Exhibit E

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN STUDSTILL JR,                                  Case No. 2:10-cv-13975

       Plaintiff,                                  Hon. Robert H Cleland
                                          Magistrate Judge Virginia M Morgan

v.

BAC HOME LOANS SERVICING, L.P.,

       Defendant.

---

**DEFENDANT BAC HOME LOANS SERVICING, LP'S**
**<u>MOTION TO DISMISS</u>**

November 1, 2010

Defendant BAC Home Loans Servicing, LP moves to dismiss this action under Fed. R. Civ. P. 12(b)(6).  In support, defendant relies on the accompanying brief.

In accordance with E.D. Mich. LR 7.1(a), there was a conference between the parties in which defendant's counsel explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

Defendant requests that the Court dismiss plaintiff's claims with prejudice and award such other relief it deems appropriate.

BODMAN LLP

/s/ Brian C. Summerfield
By:  Brian C. Summerfield (P57514)
201 West Big Beaver Road, Suite 500
Troy, Michigan  48084
(248) 743-6000
bsummerfield@bodmanllp.com
Attorneys for Defendant BAC Home Loans
Servicing, LP

November 1, 2010

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN STUDSTILL JR,

      Plaintiff,

v.

BAC HOME LOANS SERVICING, L.P.,

      Defendant.

Case No. 2:10-cv-13975

Hon. Robert H Cleland
Magistrate Judge Virginia M Morgan

---

**BRIEF IN SUPPORT OF**
**DEFENDANT BAC HOME LOANS SERVICING, LP'S**
**<u>MOTION TO DISMISS</u>**

November 1, 2010

## ISSUES PRESENTED

I.     Has plaintiff sufficiently alleged a claim for fraud and misrepresentation to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)?

II.    Do the statutes of limitations par plaintiff's claims for fraud, breach of fiduciary duty, breach of contract, and unjust enrichment?

III.   Does the statute of limitation under the Truth in Lending Act ("TILA") preclude plaintiff's claims under TILA?

IV.    Is there a private cause of action for BAC's alleged violation the Real Estate Settlement Procedures Act ("RESPA")?

V.     Does the statute of limitations under RESPA bar plaintiffs RESPA claims?

VI.    Has plaintiff sufficiently alleged facts supporting claims for violation of RESPA and/or TILA?

VII.   Does the complaint state a claim for usury when it fails to allege any action on the part of BAC that constitutes such a violation?

VIII.  Does the complaint state a claim for unjust enrichment when plaintiff cannot satisfy the elements of an unjust enrichment claim against BAC?

IX.    Has plaintiff sufficiently alleged a claim for unjust enrichment when there is an express contract that covers the same matter?

X.     The complaint alleges that BAC is not a proper party to foreclose the loan because BAC does not have a properly recorded mortgage.  Does the complaint state a claim for wrongful foreclosure when it concedes that the mortgage was recorded?

XI.    Does the complaint state a claim for violation of the Deceptive Practices Act ("DPA") when there is no private cause of action under the Act?

XII.   Does Michigan recognize a cause of action for breach of an implied covenant of good faith and fair dealing?

XIII.  Has plaintiff sufficiently alleged facts of severe emotional distress and extreme and outrageous conduct on BAC's part to support claim for intentional infliction of emotional distress?

XIV.   Does the complaint state a claim to quiet title?

XV.    Does the complaint state a claim for breach of fiduciary duty when there is no fiduciary relationship between plaintiff and BAC?

XVI.  Does the complaint state a claim for breach of contract when it does not allege a contract between plaintiff and BAC?

XVII.  Does the complaint state a claim for conspiracy where it fails to allege a separate, actionable tort?

Troy_589953_1

## CONTROLLING AUTHORITY

Fed. R. Civ. P. 9(b)
Fed. R. Civ. P. 12(b)(6)
12 U.S.C. § 2614
15 U.S.C. § 1640(e)
15 U.S.C. § 1691(e)
M.C.L. § 339.2601
M.C.L. § 566.132(2)
M.C.L. § 600.3204
M.C.L. 600.3205a
M.C.L. § 600.5813
*Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007)
*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)
*Greenberg v. Compuware Corp.*, 889 F.Supp. 1012 (E.D. Mich. 1995)
*Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507 (6th Cir. 1999)
*Amini v. Oberlin College*, 259 F.3d 493 (6th Cir. 2001)
*Coffey v. Foamex L.P.*, 2 F.3d 157 (6th Cir. 1993)
*Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990)
*Eby v. Producers Co-Op, Inc.*, 959 F. Supp. 428 (W.D. Mich. 1997)
*Mills v. Equicredit Corp.*, 344 F. Supp. 2d 1071 (E.D. Mich. 2004)
*Neibarger v Universal Coops*, 486 N.W.2d 612 (Mich. 1992)
*Fultz v. Union Commerce-Assoc.*, 683 N.W2d 587 (Mich. 2004).
*Huron Tool & Eng'g Co. v Precision Consulting Servs*, 532 N.W.2d 541 (Mich. App. 1995)
*Graham v. Myers*, 333 Mich. 111 (1952)
*Schuler v. American Motors Sales Corp*, 197 N.W.2d 493 (Mich. App. 1972)
*Webb v. First of Michigan Corp*, 491 N.W.2d 851 (Mich. App. 1992)
*Van Tassel v. McDonald Corp*, 407 N.W.2d 6 (Mich. App. 1987)
*Hanning v. Homecomings Financial Networks*, 436 F. Supp. 2d 865 (W.D. Mich. 2006)
*Webster v. Edward D. Jones & Co.*, 197 F.3d 815 (6th Cir. 1999)
*Eberspaecher North America, Inc. v. Van-Rob, Inc.*, 544 F.Supp.2d 592 (E.D.Mich. 2008)
*Quality Products & Concepts Co. v. Nagal Precision, Inc.*, 666 N.W.2d 251 (Mich. 2003)
*Collins v. FMHA-USDA*, 105 F.3d 1366 (11th Cir. 1997)
*Phillips v. Mazda Motor Mfg.*, 516 N.W.2d 502 (Mich. App. 1994)
*Haliw v. Sterling Heights*, 627 N.W.2d 581 (Mich. 2001)
*Riddle v. McLouth Steel Products Corp.*, 485 N.W.2d 676 (Mich. 1992)
*Maiden v. Rozwood*, 597 N.W.2d 817 (Mich. 1999)
*Lelito v. Monroe*, 729 N.W.2d 564 (Mich. App. 2006)
*Ulrich v. Federal Land Bank of St. Paul*, 480 N.W.2d 910 (Mich. App. 1991)
*Smith v. Saginaw Savings & Loan Ass'n*, 288 N.W.2d 613 (Mich. App. 1979)
*Farm Credit Services v. Weldon*, 591 N.W.2d 438 (Mich. App. 1998)
*Jackson Inv v. Pittsfield Prod*, 413 N.W.2d 99 (Mich. App. 1987)
*Terlecki v. Stewart*, 754 N.W.2d 899, 912 (Mich. App. 2008)

Troy_589953_1

## Table of Contents

ISSUES PRESENTED ................................................................................................ i

Table of Contents ................................................................................................ iv

Introduction ........................................................................................................ 1

Summary of Facts ............................................................................................... 1

Argument ............................................................................................................ 3
   A.  Standard of Review ............................................................................... 3
   B.  Plaintiff Is Not Entitled To Special Treatment Because She Is Not
      Represented By Counsel. .................................................................... 4
   C.  Plaintiff's Claim that Defendants [sic] Lack Standing Should be Dismissed .............. 4
   D.  The Court Should Dismiss Plaintiff's Truth In Lending Act Claims. ................. 5
   E.  The Court Should Dismiss Plaintiff's Real Estate Settlement Procedures Act
      Claims. ................................................................................................ 7
   F.  The Court Should Dismiss Plaintiff's Unjust Enrichment Claim. ................ 8
   G.  The Court Should Dismiss Plaintiff's Fraud Claims. ................................. 9
   H.  The Court Should Dismiss Plaintiff's Breach of Fiduciary Duty Claim. ........ 11
   I.  The Court Should Dismiss Plaintiff's Usury Claim. .................................. 12
   J.  The Court Should Dismiss Plaintiff's Breach Of Contract Claim. ............... 12
   K.  The Court Should Dismiss Plaintiff's Quiet Title Claim. ........................... 13
   L.  The Court Should Dismiss Plaintiff's Intentional Infliction Of Emotional
      Distress Claim. ................................................................................... 15
   M. The Court Should Dismiss Plaintiff's Negligence/Negligence Per Se Claims .......... 16
   N.  The Court Should Dismiss Plaintiff's Claim For Breach Of The Implied
      Covenant Of Good Faith And Fair Dealing. ..................................... 18
   O.  The Court Should Dismiss Plaintiff's Conspiracy Claim. ........................ 18
   P.  The Court Should Dismiss Plaintiff's Deceptive Practices Act Claim. ......... 19
   Q.  The Court Should Dismiss Plaintiff's Predatory Lending Claim. ............... 20

Conclusion ......................................................................................................... 20

Troy_589953_1

## Introduction

In 2003, John Studstill, Jr., ("plaintiff") obtained a refinance mortgage loan on property located at 192 Brentwood Street, Inkster, Michigan, ("Property") from non-party American Equity Mortgage, Inc. ("AEM").  AEM assigned its interest in the note and mortgage to BAC on September 28, 2010.  Despite receiving the proceeds of the loan and making payments for six years, plaintiff stopped making timely payments on the loan in 2009.  Foreclosure proceedings commenced in 2010, and the foreclosure sale of the Property has been postponed pending the outcome of this litigation.  In order to avoid foreclosure of the Property, plaintiff filed this action.

Although most of his claims are based on the origination of his loan seven years ago, plaintiff's chief complaint appears to be that his mortgage lender sold the note and mortgage, which apparently only became a problem for plaintiff when he could no longer afford the mortgage payments.  Plaintiff appears to assert claims for:  (1) violations of the Truth In Lending Act (the "TILA"); (2) violations of the Real Estate Settlement Procedures Act (the "RESPA"); (3) violations of the Deceptive Practices Act (the "DPA"); (4) violations of the Homeowners Equity Protection Act (the "HOEPA"); (5) lack of standing; (6) negligence; (7) fraud in the inducement; (8) fraud in the execution; (9) silent fraud; (10) usury; (11) breach of contract; (12) breach of fiduciary duty; (13) conspiracy; (14) unjust enrichment; (15) lack of agency; (16) quiet title; (17) rescission; (18) breach of the implied covenant of good faith and fair dealing; (19) intentional infliction of emotional distress; and (20) wrongful foreclosure.

Plaintiff also seeks a temporary restraining order enjoining foreclosure proceedings.

## Summary of Facts

1

On May 13, 2003, plaintiff received a refinance mortgage loan on the Property from AEM in the amount of $92,000.  *See*, Complaint, p.1; *see also*, **Exhibit A**, Note, **Exhibit B**, Mortgage.  As security for the loan, plaintiff granted a mortgage to AEM.  *See*, **Exhibit B**.  AEM assigned the mortgage to BAC on September 28, 2010.  *See*, **Exhibit C**, Assignment.  Plaintiff made payments for more than six years, then stopped.  Plaintiff defaulted on the loan and foreclosure proceedings commenced in 2010.  *See*, **Exhibit D**, Notice of Foreclosure.  Despite having accepted the proceeds of the loan and making payments for more than six years, plaintiff filed this action to avoid foreclosure.

The complaint itself is based entirely on a form obtained from the internet.[1]  The allegations are incoherent and rambling.  Plaintiff refers to "Defendants" but only names BAC as defendant.  He makes sweeping accusations against the banking industry in general, and makes allegations against the "Lender" and "Agents" but provides no identification of either.  Even though BAC had nothing to do with the origination of plaintiff's loans, plaintiff has sued BAC alleging – as best BAC can discern from the complaint – various irregularities in the loan origination process in an effort to avoid his obligations, as well as a vast conspiracy amongst members of the mortgage industry contrived to defraud plaintiff.  Moreover, plaintiff seeks a temporary restraining order to enjoin foreclosure proceedings.  Plaintiff's kitchen-sink approach

---

[1] *See*, "Some Nifty Info for a Complaint" available at http://www.scribd.com/doc/36849128/Basis-for-Complaint (last visited October 27, 2010).  In fact, several courts have dismissed actions utilizing the same form complaint.  *See, e.g.*, *Geans v. Oxford Bank*, 2010 WL 3273276 unpublished opinion of the United States District Court of the Eastern District of Michigan, issued on Aug. 19, 2010 (Docket No. 10-CV-13160)(attached as **Exhibit E**); *Ray v. HSBC Bank, N.A.*, 2010 WL 3528554, unpublished order of the United States District Court of the Western District of North Carolina, issued on Sept. 3, 2010 (Docket No. 1:10cv175)(attached as **Exhibit F**); *Carlsen v. One West Bank FSB*, 2010 WL 4123573 unpublished order of the United States District Court of the Southern District of Florida, issued on Oct. 20, 2010 (Docket No. 10-80986)(attached as **Exhibit G**).

Troy_589953_1

to this litigation notwithstanding, there is simply no basis for any of the nearly two dozen claims

plaintiff asserts against BAC. The Court should deny plaintiff's request for injunctive relief, and

should dismiss the complaint with prejudice.

## Argument

### A.    Standard of Review

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for failure to state a claim

upon which relief can be granted. As the Supreme Court has made clear, to survive a motion to

dismiss, a complaint must allege "enough facts to state a claim for relief that is **plausible** on its

face." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (emphasis added) (holding that a

plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."). "While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1950 (2009). Although the pleader is given the benefit of the doubt as to inferences

that can be derived from the allegations, that deference "does not extend to facts which are not

'well-pleaded.'" *Greenberg v. Compuware Corp.*, 889 F.Supp. 1012, 1015-1016 (E.D. Mich.

1995).

> "Inasmuch as a court 'need not accept as true legal conclusions or
> unwarranted factual inferences * * * the sufficiency of a complaint
> may be tested after all unsupported, conclusory allegations are
> excised. If what remains does not include direct or inferential
> allegations of fact respecting all of the material elements of a cause
> of action, then dismissal pursuant to Rule 12(b)(6) is warranted."
> *Id.*, quoting, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12
> (6th Cir. 1987).

A court may consider a document that is not formally incorporated by reference or

attached to a complaint if the document is referred to in the complaint and is central to plaintiff's

claim. *See, Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). The court's consideration of the document does not require conversion of the motion to one for summary judgment. *Id.* A court may also consider "matters of public record," such as documents recorded with the Register of Deeds, when considering a motion to dismiss under Rule 12(b)(6). *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Plaintiff has failed to state a claim upon which relief should be granted, and, accordingly, plaintiff's claims against BAC should be dismissed.

**B.**     **Plaintiff Is Not Entitled To Special Treatment Because She Is Not Represented By Counsel.**

*Pro se* civil litigants are not entitled to "special treatment which prefers him over others who are represented by attorneys." *Brock v. Hendershott*, 840 F. 2d 339, 343 (6th Cir. 1988). As the Supreme Court noted, "We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 112 (1993). Moreover, the Sixth Circuit has been unwilling to give special treatment to *pro se* litigants in civil cases. *See, e.g., Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552 (6th Cir. 2000). The Court stated, "At any rate, even a *pro se* litigant, whether a plaintiff or defendant, is required to follow the law. In particular, a willfully underrepresented plaintiff volitionally assumes the risks and accepts the hazards that accompany self-representation." *Id.* at 561. Thus, this Court must review the claims raised in plaintiff's' complaint as if plaintiff was represented by counsel.

**C.**     **Plaintiff's Claim that Defendants [sic] Lack Standing Should be Dismissed**

Plaintiff claims that "Defendants lack standing to invoke the subject matter jurisdiction of the court." This claim should be dismissed because it is not a claim, rather it is a defense.

4

Plaintiff alleges that "Defendants claim a controversy based on a contractual violation by Petitioner but have failed to produce said contract." *See*, Complaint, p.8.  However, BAC has made no claim and does not seek to "invoke the subject matter jurisdiction of the court."  Rather, plaintiff is the complaining party who must have standing and satisfy to the court the existence of subject matter jurisdiction.[2]

**D.**      **The Court Should Dismiss Plaintiff's Truth In Lending Act Claims**.

     In the sections of the complaint titled "RESPA Penalty" and "Equitable Tolling for TILA and RESPA," plaintiff alleges BAC has violated the TILA by failing to provide a number of documents either before or immediately after closing the Loan:

> From a cursory examination of the records, with the few available, the apparent RESPA violations are as follows:  Good Faith Estimate not within limits, No HUD-1 Booklet, Truth In Lending Statement not within limits compared to Note, Truth in Lending Statement not timely presented, HUD-1 not presented at least one day before closing, No Holder Rule Notice in Note, No 1st Payment Letter.

> The closing documents included no signed and dated:  Financial Privacy Act Disclosure; Equal Credit Reporting Act Disclosure; notice of right to receive appraisal report; servicing disclosure statement; borrower's Certification of Authorization; notice of credit score; RESPA servicing disclosure letter; loan discount fee disclosure; business insurance company arrangement disclosure; notice of right to rescind.  *See*, Complaint, p.13.

---

[2] In fact, plaintiff has failed to adequately state the grounds for the court's subject matter jurisdiction, per Fed. R. Civ. P. 8, and his complaint should be dismissed for that reason alone. Fed. R. Civ. P. 8 provides:

> "(a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim need no new jurisdictional support
> * * *.

Troy_589953_1

These claims are baseless and fail to state a claim for violation of the TILA for a number of reasons.

### 1.     Plaintiff's claims are time-barred.

TILA actions must be brought within one year from the date of the occurrence of the violation.  15 U.S.C. § 1640(e) ("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation").  *See, also, Rudisell* v. *Fifth Third Bank,* 622 F.2d 243, 246 (6th Cir. 1980); *Walker v. Michael W. Colton Trust*, 33 F.Supp.2d 585 at 590 (E.D. Mich. 1999).  Clearly, plaintiff's Truth in Lending claims are beyond the limitations period as plaintiff's loan was consummated on or around May 13, 2003.  *See*, **Exhibit A**, **Exhibit B**.

In an effort to save his untimely TILA claims, plaintiff argues that the Court should apply the doctrine of equitable tolling.  For equitable tolling to apply, a plaintiff must allege: "(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." *Mills v. Equicredit Corp*, 294 F.Supp.2d 903, 908 (E.D. Mich. 2003) (quoting *Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992)).  Here, plaintiff does not allege that BAC affirmatively concealed any of the terms of the loan or that he could not have discovered the alleged violations by exercising due diligence (e.g., by reading the Note, Mortgage, and Truth in Lending Disclosure Statement).  Instead, plaintiff cites non-binding Ninth and Seventh Circuit case law applying equitable tolling to TILA actions where the plaintiff demonstrates excusable delay.  Having failed to satisfy the elements of equitable tolling under Michigan law, plaintiff's TILA claims are time-barred.

Plaintiff also alleges BAC violated the Home Owner Equity Protection Act ("HOEPA") (HOEPA is Section 1639 of the TILA).  *See*, Complaint, p.21.  HOEPA claims are subject to a

three-year limitations period.  *See*, 15 U.S.C. 1640 (e):  "An action to enforce a violation of section 1639 of this title may also be brought by the appropriate State attorney general in any United States district court, or any other court of competent jurisdiction, not later than 3 years after the date on which the violation occurs."  Plaintiff's HOEPA claim is therefore time-barred as well.

       **2.**    **BAC is not liable under the doctrine of assignee liability or agency theory.**

An assignee of a creditor cannot be liable for an originating lender's violation of the TILA unless the violation is apparent on the face of the disclosure statement.

> Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor **only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement,** except where the assignment was involuntary. **For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter.**  15 U.S.C. § 1641(a) (emphasis added).

Here, plaintiff fails to allege that a disclosure is incomplete or inaccurate from the face of the documents, nor does he allege that a disclosure did not use terms required to be used.  Thus, BAC cannot be liable as an assignee.

**E.**      <u>**The Court Should Dismiss Plaintiff's Real Estate Settlement Procedures Act Claims.**</u>

Plaintiff's claims under the Real Estate Settlement Procedures Act (the "RESPA"), 12 U.S.C. § 2601 *et seq.*, should be dismissed for several reasons.  First, plaintiff fails to allege which sections of RESPA were allegedly violated, and the claim should be dismissed for that reason alone.

7

Second, to the extent plaintiff alleges that certain disclosures were not provided, in violation of § 2604, the claim should be dismissed because "there is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it." *Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997).

Third, to the extent plaintiff intended to allege a violation of § 2605, it should be dismissed because it is time-barred. Section 2605 governs, *inter alia*, the transfer or assignment of the right to service a mortgage loan, and must be brought with from the date of the violation. *See*, 12 U.S.C. § 2614. Here, plaintiff alleges the violation occurred in May, 2003, but did not file the action until more than seven years later, on October 5, 2010.

**F.      The Court Should Dismiss Plaintiff's Unjust Enrichment Claim.**

Under the section of his complaint labeled "Unjust Enrichment," plaintiff attempts to plead an unjust enrichment claim.  This claim is baseless and should be dismissed for two reasons.

First, plaintiff's unjust enrichment claim is barred by the six-year statute of limitations. *See*, M.C.L. § 600.5813. Here, the loan was obtained on May 13, 2003. Plaintiff filed this action on October 5, 2010. Therefore, the six-year accrual period has run and the claim should be dismissed.

Second, plaintiff cannot satisfy the elements of an unjust enrichment claim, which are (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. *Robinson v. Wells Fargo Bank*, 2010 WL 3515727, unpublished opinion of the District Court for the Eastern District of Michigan Southern Division. Issued (Docket No. 08-CV-13048)(attached as **Exhibit H**).  Here,

8

plaintiff has failed to allege an inequity as he received the proceeds of the loan, which he has failed to repay. He fails to allege any benefit given by him to BAC.

Third, an unjust enrichment claim cannot be maintained where there is an express contract that covers the same matter. This is because an action for unjust enrichment seeks to imply a contract, which is unnecessary and inappropriate if there is an express contract that covers the same matter. *Kammer Asphalt Paving v. East China Township Schools*, 443 Mich 176, 1985-186 (1993); *see also, Barber*, 202 Mich App at 375; *Johnson v. Michigan Mut Ins Co*, 183 Mich App 277, 280 (1989); *Campbell v. City of Troy*, 42 Mich App 534, 537 (1972). Here, plaintiff executed the Note and Mortgage, both of which are the core of his claims. *See*, **Exhibit A, Exhibit B**. Because there is no inequity resulting to plaintiff and there are express agreements governing plaintiff's claims, plaintiff's unjust enrichment claim should be dismissed.

**G.    The Court Should Dismiss Plaintiff's Fraud Claims.**

Plaintiff alleges fraud in nearly every conceivable incarnation – "common law," "in the inducement," by "non-disclosure," and "in the execution." *See*, Complaint, pp.6-7. As set forth below, plaintiff has not sufficiently alleged fraud in any respect.

First, plaintiff has not adequately alleged his claim for fraudulent misrepresentations. Fed. R. Civ. P. 9(b) mandates that claims concerning allegations of fraud be stated with particularity. *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-162 (6th Cir. 1993). Conclusory allegations do not satisfy this requirement. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 491 (6th Cir. 1990). Rather, plaintiff must specify: "the parties and the participants to the alleged fraud, the representations made, the nature in which the statements are alleged to be misleading and false, the time, place and contents of the representations, the fraudulent scheme, the fraudulent intent of the defendants, reliance on the fraud, and the injury resulting from the

9

fraud." *Eby v. Producers Co-Op, Inc.*, 959 F. Supp. 428, 431 (W.D. Mich 1997) (citing *Michaels Building Co. v. Ameritrust Co. N.A.*, 848 F.2d 674 (6th Cir. 1998)).

Here, there are no allegations that BAC made any representations to plaintiff. In fact, plaintiff fails to allege any representations by the unidentified "Lender" or "Agents." Therefore, plaintiff has failed to state a claim for fraudulent misrepresentations.

Second, plaintiff has not pled (nor could he ever prove) that he acted with reasonable reliance. It is well-established under Michigan law that, "Reliance on oral representations or prior documents, even if false, is unreasonable if the party enters into a subsequent agreement." *Mills v. Equicredit Corp.*, 344 F. Supp. 2d 1071, 1079 (E.D. Mich. 2004). Here, even if the lender did make misrepresentations to plaintiff, plaintiff could not have reasonably relied on them. Indeed, the note and mortgage plaintiff executed clearly set forth the terms of the mortgage loans. *Mills*, 344 F. Supp. at 1079 ("Further, the Court finds that Plaintiffs have not demonstrated detrimental reliance because they executed written documents disclosing all of the items about which they claim confusion").

Third, to the extent that plaintiff is seeking to enforce an oral statement by BAC regarding the his loan, the statute of frauds bars plaintiff's claim. M.C.L. § 566.132(2) provides:

> "(2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation."

Troy_589953_1

Plaintiff cannot circumvent the requirements of writing under M.C.L. § 566.132(2) by characterizing the oral promise as another type of claim. *See e.g., Crown Technology Park v. D&N Bank*, 619 N.W.2d 66, 73-74 (Mich. App. 2000) ("Stated differently, plaintiff's 'negligence claim' is, at its core, an action to enforce an oral promise and accordingly, is barred by M.C.L. § 566.132(2)"); *see also, Estate Properties v. Ann Arbor Commerce Bank*, 2003 WL 21702521, at *4-5, unpublished opinion per curiam of the Court of Appeals, issued July 22, 2003 (Docket No. 237294) (holding that the plaintiff's negligence claim based on the bank's alleged promise that it would process the plaintiff's loan application was barred by the statute of frauds)(attached as **Exhibit I**); *Republic Bank v. Britton Estates, LLC*, 2006 WL 445916, at *4, unpublished opinion per curiam of the Court of Appeals, issued February 23, 2006 (Docket No. 248616)("Even if promises were actionable, the [innocent misrepresentation claim] would be precluded by the statute of frauds, the applicability of which is not dependent on the label attached to appellants' cause of action")(attached as **Exhibit J**).

## H.   The Court Should Dismiss Plaintiff's Breach of Fiduciary Duty Claim.

In the section of the complaint labeled "Breach of Fiduciary Duty," plaintiff generally repeats his TILA claims and urges that BAC's alleged TILA violations constitute breach of a fiduciary duty to plaintiff.  For the reasons set forth above, plaintiff's TILA claims should be dismissed, and therefore so should plaintiff's dependant breach of fiduciary duty claims.

Plaintiff's breach of fiduciary duty claim should also be dismissed because it is barred by the three-year statute of limitations. M.C.L. § 600.5805(1); *see, Miller v. Magline, Inc.*, 256 N.W.2d 761, 774 (Mich. App. 1977).  The three-year statute of limitations accrues when the plaintiff "knew or should have known of the breach." *See, Prentis Family Foundation v. Barbara Ann Karmanos Cancer Institute*, 698 N.W.2d 900, 908-09 (Mich. App. 2005).  Here,

11

the loan was obtained on May 13, 2003. Plaintiff filed this action on October 5, 2010. The alleged breach occurred at the time of the loan's consummation, and plaintiff should have known of the breach at that time. Therefore, the three-year accrual period has run and the claim should be dismissed.

Moreover, plaintiff's claim must fail because there is no fiduciary relationship between plaintiff and BAC. To establish a fiduciary relationship, one must repose faith, confidence, and trust in the fiduciary and rely on the judgment and advice of the fiduciary. *Ulrich v. Federal Land Bank of St. Paul*, 192 Mich. App. 194, 196 (1991); *Farm Credit Services v. Weldon*, 232 Mich. App. 662, 680-681 (1998). Relief is granted when such confidence has been reposed and betrayed. *Id.* Here, BAC did not make the loan to plaintiff. However, even if it had done so, the relationship between a borrower and a lender will generally not establish a fiduciary relationship. *Id.* Accordingly, plaintiff's fiduciary duty claim should be dismissed.

## I.     **The Court Should Dismiss Plaintiff's Usury Claim.**

Plaintiff alleges that the interest charged was usurious. *See*, Complaint, pp.6-7. This claim should be dismissed for a number of reasons. First, as set forth above, BAC did not lend plaintiff money. Second, M.C.L. § 438.31c provides certain restrictions on the amount of interest that may be charged on a loan secured by a mortgage. *See generally*, M.C.L. § 438.31c (attached as **Exhibit K**). This claim should be dismissed because plaintiff fails to allege that the interest of his loans exceeded the rate authorized under M.C.L. § 438.31c. Indeed, plaintiff does not even mention the interest rate in the allegations or any section of M.C.L. § 438.31c that was violated.

## J.     **The Court Should Dismiss Plaintiff's Breach Of Contract Claim.**

12

Plaintiff alternately alleges that no valid contract exists between plaintiff and the loan originator, and that the lender and others breached contractual obligations to plaintiff. *See,* Complaint, pp.6-7. This claim is baseless.

To state a claim for breach of contract, plaintiff must plead: (a) the existence of a contract between plaintiff and the defendant; (b) the terms of the contract; (c) breach of the contract by the defendant; and (d) that the breach caused plaintiff's injury. *See, Webster v. Edward D. Jones & Co.,* 197 F.3d 815, 819 (6th Cir. 1999). Here, plaintiff has not alleged the existence of a contract between BAC and plaintiff. Even assuming the allegations refer to the loan, plaintiff has not alleged that BAC violated any of the terms of the Note (e.g., by charging a different interest rate or a higher monthly payment). Plaintiff's breach of contract claim should be dismissed.

In addition, plaintiff's material breach of the Note by not making the loan payments as they became due defeats his breach of contract claim: "[t]he rule in Michigan is that one who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform." *Flamm v. Scherer* , 40 Mich. App. 1, 8-9 (1972). Here, plaintiff was the first party to breach the terms of the Loan by failing to make loan payments when due. Thus, plaintiff cannot maintain an action against BAC for breach of contract.

## K.    The Court Should Dismiss Plaintiff's Quiet Title Claim.

Plaintiff concludes that he has properly alleged an actionable claim to quiet title to the Property and that his quiet title claim is viable because his rescission and fraud claims are meritorious. *See,* Complaint, p.19. Plaintiff is wrong.

First, plaintiff has failed to plead a quiet title claim properly under Michigan law.  M.C.L. § 600.2932 provides:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

M.C.R. 3.411 applies to actions to determine interests in land under M.C.L. § 600.2932.  Under M.C.R. 3.411, a plaintiff **must allege**:

> (a) the interest the plaintiff claims in the premises;
>
> (b) the interest the defendant claims in the premises; and
>
> (c) the facts establishing the superiority of the plaintiff's claim.
> M.C.R. 3.411(B)(2).

Furthermore, M.C.R. 3.411(C)(2) requires plaintiff to attach to his complaint, "a statement of the title on which the pleader relies, showing from whom the title was obtained and the page and book where it appears of record."

Here, plaintiff failed to: (1) allege any facts establishing that plaintiff's interest in the Property is superior to BAC's interest; (2) allege the interest BAC claims in the Property; and (3) attach any statement of title to his complaint, showing from whom the title was obtained and the page and book where it appears of record.  Thus, plaintiff has failed to properly state a claim to quiet title.

Second, there is no reason for the Court to avoid the foreclosure sale.  As the Michigan Court of Appeals noted in *Jackson Inv v Pittsfield Prod*, 162 Mich. App. 750, 756 (1987), a foreclosure should not be void "[i]n situations where it is evident that no harm was suffered, in that the mortgagor would have been in no better position had notice been fully proper and the

Troy_589953_1

mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property * * *." *Id.* at 756.  Here, plaintiff has suffered no harm because he was given sufficient information and multiple opportunities to bring his loan current, and thereby avoid the foreclosure sale.

**L.      The Court Should Dismiss Plaintiff's Intentional Infliction Of Emotional Distress Claim.**

Plaintiff seeks damages for intentional infliction of emotional distress ("IIED"), alleging that "Defendants" engaged in unspecified profit-driven conduct that was extreme and outrageous. *See*, Complaint, p.24.  For the reasons described below, plaintiff's IIED claim fails.

To establish a claim for intentional infliction of emotional distress, a plaintiff must show: "1) extreme and outrageous conduct; 2) intent or recklessness; 3) causation; and 4) severe emotional distress." *Pratt v Brown Machine Co.*, 855 F.2d 1225, 1239 (6th Cir. 1988).  The conduct must be "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.*  Plaintiff's IIED claim fails as to BAC for two reasons.

First, as assignee of AEM, BAC is entitled to exercise AEM's contracted-for-rights, including the power of sale granted to AEM in the mortgage. *See*, **Exhibit B**.  Such exercise does not give rise to an IIED claim.  A defendant is not liable for intentional infliction of emotional distress "where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress." *Id.*

Second, plaintiff did not suffer severe emotional distress.  Michigan courts have taken a narrow view of the type of conduct that constitutes IIED, and the conduct plaintiff complains of hardly falls within this limited definition:

15

> Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. **It is only where it is extreme that the liability arises.** Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. **The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.** *Pratt*, 855 F.2d at 1240, *quoting*, Restatement Torts, 2d, § 46, comment j (emphasis added); *Roberts v Auto-Owners Insurance Co.*, 422 Mich. 594, 608-609 (Mich. 1989).

Plaintiff does not allege that he was depressed, had to seek medical attention, suffered any type of breakdown, or that there are things he can no longer do that he could do before the foreclosure proceedings commenced.  Although plaintiff was likely upset that the foreclosure proceedings commenced, his allegations of emotional distress as pled in the Complaint do not evidence distress "so severe that no reasonable man could be expected to endure it."  Thus, plaintiff's IIED claims should be dismissed as a matter of law.

## M.     The Court Should Dismiss Plaintiff's Negligence/Negligence Per Se Claims.

The complaint alleges "Defendants" owed a duty of care to "Petitioners" to "properly perform due diligence as to the loans [sic] and related transaction issues described hereinabove." *See*, Complaint, p.21.  The complaint further alleges "Defendants" owed a duty under, *inter alia*, TILA, HOEPA, RESPA. *Id.*  Plaintiff's negligence claims should be dismissed for several reasons.

First, the claims are barred by the three-year statute of limitations. M.C.L. § 600.5805(10).  The "claim accrues when the wrong upon which it was based was done, regardless of when damage results[,] . . . when all the elements of the cause of action, including the element of damage, have occurred and can be alleged in a proper complaint." *See, Travelers*

16

*Ins. Co. v. Guardian Alarm Co. of Michigan*, 586 N.W.2d 760, 763 (Mich. App. 1998). Here, the loan was obtained on May 13, 2003, and any alleged harm occurred upon consummation of the loan. Plaintiff filed this action on October 5, 2010. Therefore, the three-year accrual period has run and the claim should be dismissed.

Second, "[a] negligence action may only be maintained if a legal duty exists which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Kessler v. Visteon Corp.*, 448 F.3d 326, 337 (6th Cir. 2006). Moreover, the duty of the defendant must be for the benefit of the particular plaintiff. *See, Bennett v. MIS Corp.*, 607 F.3d 1076, 1092 (6th Cir. 2010). Here, plaintiff has not alleged any facts or legal authority supporting the imposition of any of the alleged legal duties plaintiff ascribes to BAC arising under TILA, HOEPA, RESPA. Further, plaintiff has not alleged any authority supporting the imposition of a duty on a loan servicer to perform due diligence with respect to loan provisions for the benefit of the loan recipient. The Court should dismiss plaintiff's negligence claims.

Third, plaintiff's negligence claim is barred the economic loss doctrine. Under Michigan law, a party is barred from recovering in tort economic losses suffered because of a breach of duty assumed only by contract. *See, Neibarger v Universal Coops*, 486 N.W.2d 612, 617 (Mich. 1992); *Fultz v. Union Commerce-Assoc.*, 683 N.W2d 587, 592 (Mich. 2004). Where a contract exists, the economic loss doctrine prohibits a party to the contract from bringing tort claims that are factually indistinguishable from breach of contract claims. *Neibarger*, 486 N.W.2d at 618; *Huron Tool & Eng'g Co. v Precision Consulting Servs*, 532 N.W.2d 541, 546 (Mich. App. 1995)(barring plaintiff's fraud claim under the economic loss doctrine where the allegations were

Troy_589953_1

indistinguishable from defendant's contractual obligations).  Here, a contract exists under the Note and Mortgage, and plaintiff is barred from recovering in tort.

**N.**     **The Court Should Dismiss Plaintiff's Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing.**

Plaintiff's that "Defendants" violated the implied covenant of good faith and fair dealing should be dismissed because it is well-settled that "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt of Mich, Inc.*, 271 Mich. App. 11, 35 (2006); *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 476 (2003); *see also, Ulrich, supra*, 192 Mich. App. at 197 ("Michigan does not recognize an independent tort action for an alleged breach of a contract's implied covenant of good faith and fair dealing."). Accordingly, this claim should be dismissed.

**O.**     **The Court Should Dismiss Plaintiff's Conspiracy Claim.**

The complaint states "that Defendants have concocted a carefully crafted connivance wherein Lender conspired with Agents, et al, to strip Petitioner of Petitioner's equity in the property by inducing Plaintiff to enter into a predatory loan inflated loan product." *See*, Complaint, p.7.  To state a claim of civil conspiracy, plaintiff must allege: "(1) a concerted action (2) by a combination of two or more persons (3) to accomplish an unlawful purpose (4) or a lawful purpose by unlawful means." *Mays v. Three Rivers Rubber Corp.*, 352 N.W.2d 339, 341 (Mich. App. 1984).  "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient . . ." *Skinner v. Beemer*, 2007 WL 1469407, unpublished opinion of the District Court for the Eastern District of Michigan Southern Division, decided May 21, 2007, *1, (Docket No. 05-71150) (attached as **Exhibit L**) quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1984).  "There must be something more than a defendant's personal belief that

18

he or she is the victim of conspiracy." *Id.* citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Here, plaintiff alleges:

> "Said conspiracy but are not limited to acts of negligence, breach of fiduciary duty, common law fraud, fraud by non-disclosure, and tortuous [sic] acts of conspiracy and theft, to include but not limited to, the assessment of fees to Petitioner by Lender, which were then used to fund the improper payment of commission fees to Agent in order to induce Agent to violate Agent's fiduciary duty to Petitioner." *See*, Complaint, p. 9.

Not only are plaintiff's allegations vague and incomprehensible, they also do not appear to apply to BAC as BAC was not the originating lender nor the agent of the originating lender. BAC was merely assigned the note and mortgage. Plaintiff's claim fails to plead any material facts to support his conspiracy claim with any specificity, and the claim should be dismissed.

Moreover, plaintiff has failed to allege a separate, actionable tort. Plaintiff's conspiracy claim is predicated upon an alleged conspiracy perpetrated by unspecified nonparties to induce plaintiff to enter into a "predatory loan product." *Id.* As stated below, plaintiff's predatory lending claim fails because there is no such cause of action in Michigan. Because plaintiff's conspiracy claim is based on the predatory lending claim, the conspiracy claim fails as well.

**P.      The Court Should Dismiss Plaintiff's Deceptive Practices Act Claim.**

Plaintiff attempts to assert a claim under 15 U.S.C. § 45, the Deceptive Practices Act ("DPA"). The Court should dismiss this claim as there is no private right of action under the DPA. *See, e.g.*, 45 U.S.C. § 45(a)(1)(A): "**The Commission may commence a civil action** to recover a civil penalty in a district court of the United States against any person, partnership, or corporation which violates any rule under this chapter respecting unfair or deceptive acts or

practices . . ." *Id.* (emphasis added); *see also*, *Naulty v. Greenpoint Mortgage Funding, Inc.*, unpublished opinion of the Northern District of California, decided Sept. 2, 2009, *6 (Docket Nos. C 09-1542, C 09-1545)("The complaint includes a federal unfair competition claim pursuant to the Deceptive Practices Act, . . . That statute does not create a private right of action; remedial power is vested in the Federal Trade Commission.") (attached at **Exhibit M**).

**Q.     The Court Should Dismiss Plaintiff's Predatory Lending Claim**.

Plaintiff alleges BAC induced his to "enter into a predatory loan agreement with Defendant." *See*, Complaint, p.1. The Court should dismiss this claim because there is no cause of action under Michigan law for "predatory lending." *See*, *Yaldu v. Bank of America Corp.*, 700 F. Supp.2d 832 (E.D. Mich. 2010). Moreover, BAC did not lend plaintiff money.

**Conclusion**

For the reasons stated above, Defendants respectfully request that this Court grant their motion to dismiss under Fed. R. Civ. P. 12(b)(6) and dismiss all claims with prejudice.

November 1, 2010                          BODMAN LLP

By: /s/ Brian C. Summerfield _____
Brian C. Summerfield (P57514)
201 West Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6000
bsummerfield@bodmanllp.com
Attorneys for Defendant BAC Home Loans
Servicing, LP

Troy_589953_1