# Exhibit F

Westlaw.

Not Reported in F.Supp.2d, 2007 WL 4966744 (E.D.Mich.)
(Cite as: 2007 WL 4966744 (E.D.Mich.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
Shineka McCAIN, Plaintiff,
v.
WELLS FARGO HOME LOANS, Defendant.
No. 07-13831.

Oct. 22, 2007.

Shineka McCain, Oak Park, MI, pro se.

Nelson O. Ropke, Miller, Canfield, Detroit, MI, for Defendant.

*REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFENDANT TO CEASE AND DESIST VACATE OF PREMISES AND ANY FURTHER ACTIONS AGAINST PLAINTIFF PROPERTY FOR REASON OF FRAUD (DKT.# 3).*

STEVEN D. PEPE, United States Magistrate Judge.

*1 On September 11, 2007, Plaintiff filed a Complaint, pursuant to 28 U.S.C § 1332, against the Defendant, Wells Fargo Home Loans, alleging that Defendant, committed fraud breaching its contract with the Plaintiff in violation of her constitutional rights. (Dkt.# 1, Complaint, p. 1). On September 12, 2007, Plaintiff filed this motion for Defendant to Cease and Desist Vacate of Premises and any Further Actions Against Plaintiff Property for Reason of Fraud (Dkt.# 3). On September 20, 2007, Plaintiff's Motion to Proceed *In Forma Pauperis* was granted by the Honorable Nancy G. Edmunds (Dkt. # 4).

All pretrial proceedings have been referred to the undersigned (Dkt.# 5). Pursuant to 28 U.S.C. § 636(b)(1)(A), requests for injunctive relief require a report and recommendation. *Id.* For the reasons stated below, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED.**

Plaintiff, in her Complaint, details the difficult financial circumstances that she recently has experienced. Unemployed for over a year and raising three children, Plaintiff was in the unfortunate position of failing behind with her mortgage payments (Dkt.# 3, p. 1). Plaintiff's efforts to find assistance, so that she could remain in possession of her home, were unsuccessful, and her home was sold at an auction in March 2007 (Dkt.# 1, p. 1).

In searching for ways to maintain possession of her home, Plaintiff claims to have discovered that her home mortgage was a fraud akin to "stealing, counterfeiting and swindling" (Dkt.# 3, p. 1). The "fraud" that Plaintiff claims is that her original mortgage with Plymouth Exchange was sold, on the secondary mortgage market [FN1], to Washington Mutual Bank and finally to its current holder, Well Fargo Home Loans (Dkt.# 1, p. 2). In order to stop this "fraud," Plaintiff seeks a motion ordering Defendant to cease and desist and vacate the premises of her home.

> FN1. The secondary mortgage market refers to a market in which mortgages and mortgage backed securities are traded.

Plaintiff is effectively seeking a temporary and/or permanent injunction barring Defendant from her home. Reviewing a request for an injunctive order, a district court is encouraged to evaluate four factors: (1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief. *Hamad v. Woodcrest Condominium Ass'n,* 328 F.3d 224, 230

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 4966744 (E.D.Mich.)
(Cite as: 2007 WL 4966744 (E.D.Mich.))

Page 2

(6th Cir.2003) (quoting *Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir.2000)). A preliminary injunction is an "extraordinary remedy, not available unless the plaintiff carries his burden of persuasion as to all of the four prerequisites." *Stenberg v. Cheker Oil Co.,* 573 F.2d 921, 925 (6th Cir.1978).

Nothing offered by the Plaintiff in this Motion or her Complaint indicates that she is likely to succeed on the merits of her case. Much has been made of the recent turbulence in the housing market with many claiming that the packaging and sale of mortgages on the secondary mortgage market has obscured the risks posed by such financial instruments. Accordingly, economists are currently, and will continue, debating the best way for the secondary market to operate [FN2]. In the absence of more facts Plaintiff has not shown that the normal operation of the mortgage market in this case constitutes fraud or a violation of Plaintiff's constitutional rights.

> FN2. Speaking on housing, housing finance and monetary policy, at the Federal Reserve Bank of Kansas City's Economic Symposium, Jackson Hole, Wyoming, Federal Reserve Chairman Bernanke remarked that "We will not return to the days in which all mortgage lending was portfolio lending, but clearly the originate-to-distribute model will be modified-is already being modified-to provide stronger protection for investors and better incentives for originators to underwrite prudently." (August 31, 2007) http://www.federalreserve.gov/newsevents/speech/bernanke20070831a.htm (last visited 10/10/07).

*2 The second factor to consider when deciding whether to grant an injunction is whether irreparable harm would arise, to the plaintiff, if an injunction is not provided. Plaintiff has not alleged irreparable harm but wants this Court to reverse the effects of the sale of her house. Plaintiff's home was sold over 6 months ago. The record is unclear as to whether Plaintiff has left the premises, but her motion's request that Defendant vacate the premises suggest she has moved. While Plaintiff surely feels the loss of her home what by all accounts, was a lawful, foreclosure sale, this is only one of the four factors this Court must consider.

Plaintiff fails with regard to the third factor regarding whether an injunction would cause substantial harm to others. Plaintiff's home was sold at auction in March 2007. Enjoining the Defendant at this time and tying up the property for the duration of this litigation would likely cause substantial harm to the Defendant, who sold the house as collateral to the mortgage it issued, as well as to those who purchased the home at the March 2007 auction.

Finally, it is not clear that the public interest would be served by granting Plaintiff's injunction. Home ownership is a laudable goal the achievement of which has provided countless Americans with middle class security. Yet, the policy of fostering home ownership is not well served by enjoining mortgagee from foreclosing upon and selling homes that secure loans that go into default. Plaintiff defaulted on her mortgage, and the Defendant took appropriate, legal action by selling Plaintiff's home as collateral for its loan. While the results for the Plaintiff are unfortunate, it is not fraudulent or illegal action and enforcing mortgages assures the future availability of funding for other potential homeowners.

**I. Recommendation**

Accordingly, for the reasons noted above, Plaintiff's Motion for Defendant to Cease and Desist Vacate of Premises and Any Further Actions Against Plaintiff Property for Reason of Fraud should be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

Not Reported in F.Supp.2d, 2007 WL 4966744 (E.D.Mich.)
**(Cite as: 2007 WL 4966744 (E.D.Mich.))**

of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.,* 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local,* 231, 829 F.2d 1370,1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

*3 Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

E.D.Mich.,2007.
McCain v. Wells Fargo Home Loans
Not Reported in F.Supp.2d, 2007 WL 4966744 (E.D.Mich.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.