UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN STUDSTILL JR,

    Plaintiff,

v.

BAC HOME LOANS SERVICING, L.P.,

    Defendant.

Case No. 2:10-cv-13975

Hon. Denise Page Hood

Magistrate Judge Virginia M Morgan

**REPLY BRIEF IN SUPPORT OF
DEFENDANT BAC HOME LOANS SERVICING, LP'S
<u>MOTION TO DISMISS</u>**

November 30, 2010

**Introduction**

In his response brief, plaintiff does not dispute that: (a) he obtained the mortgage loan from American Equity Mortgage ("AEM") in 2003; (b) that he signed the note and mortgage; and (c) that he defaulted on the loan by failing to make payments. Plaintiff does not dispute the arguments for dismissal of the vast majority of his claims. Rather, plaintiff argues that he pled the "false fees" charged by "Defendant" with particularity, and that the statutes of limitations should be equitably tolled but fails to allege that BAC (or AEM) concealed anything. Indeed, plaintiff admits that he received all the documents that evidence the terms and costs of his loan in 2003. As plaintiff has utterly failed to address any of the arguments made by BAC in the motion to dismiss and there is no basis for equitable tolling, plaintiff's claims should be dismissed for the reasons stated below and in BAC's motion.

**A.      The Court Should Dismiss Plaintiff's Truth In Lending Act Claims.**

First, plaintiff does not dispute that as assignee of AEM, BAC is not liable for AEM's alleged violation of TILA because none of the alleged violations appear on the face of the disclosure statement. Plaintiff's claim should be dismissed for this reason alone.

Second, plaintiff fails to allege equitable tolling. Because plaintiff admits that he received all the loan documents, including the Truth In Lending Statement, there was no active concealment of a cause of action for violation of TILA. *See, e.g., Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 908-909 (E.D. Mich. 2003) ("[the] provisions of the loans were [] disclosed in the loan documents that the Plaintiffs signed. Therefore, there was no affirmative misrepresentation which prevented Plaintiffs from discovering their [] cause of action"). Therefore, there is no basis for equitable tolling and the claim should be dismissed.

B.      **The Court Should Dismiss Plaintiff's Real Estate Settlement Procedures Act Claims.**

In his response, plaintiff argues that BAC violated § 2607 based on the conclusory allegations that the fees contained in the HUD-1 Settlement Statement "were in violation of the limitations imposed by" RESPA, and that "Defendant . . . provided the amounts listed in the HUD-1 Settlement Statement, to the loan broker as an undisclosed yield spread premium." This argument is baseless.

First, plaintiff's claim fails because it is time-barred. A claim for violation of § 2607 must be brought within one year of the date the violation occurred. 12 U.S.C § 2614. Plaintiff's claim was brought more than seven years after the alleged violation occurred. Moreover, there is no basis for equitable tolling because the alleged "false fees" and "yield spread premium" were specifically disclosed to plaintiff in the HUD-1 Settlement Statement that he admits receiving. Thus, there were no affirmative steps taken to conceal the cause of action. *See, Mills*, 294 F. Supp. 2d at 908-909 (E.D. Mich. 2003) ("Plaintiffs would have discovered this indirect fee by exercising due diligence in reading the Settlement Statement. . . Therefore, there was no affirmative misrepresentation which prevented Plaintiffs from discovering their RESPA cause of action.").

Second, BAC never charged plaintiff the alleged false fees. Indeed, BAC was not even involved in the origination of the loan. Plaintiff's RESPA claims should be dismissed for the reasons stated above and for those provided in the motion to dismiss.

C.      **The Court Should Dismiss Plaintiff's Fraud Claims.**

In his response, plaintiff does not dispute that he failed to plead reasonable reliance or that the claims are barred by the statute of frauds. Rather, he attempts to make his vague allegations of fraud more particular by raising new allegations. In his complaint, plaintiff alleges

2

that "Lender" assessed "improper fees" as shown in the HUD-1 Settlement Statement. He now states in his brief that "Defendant" BAC charged "false fees." Assuming the allegation of improper fees was true (which is denied), the new allegation is clearly false as the "Lender" shown on all the documents, including the HUD-1 Settlement Statement, was AEM, **not BAC**. Plaintiff's fraud claims should be dismissed for this reason alone.

Moreover, plaintiff's fraud claims are barred by the six-year statute of limitations. *See* M.C.L. § 600.5813 ("All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."); *see also, Boyle v. General Motors Corp.*, 661 N.W.2d 557, 559 (Mich. 2003) (applying M.C.L. § 600.5813 to fraud claims). The "cause of action accrued when the wrong was done," not "when it is or should have been discovered." *See, Boyle*, 661 N.W.2d at 559-60. The alleged wrong occurred in 2003 when plaintiff obtained the loan from AEM. Therefore, the six-year limitations period has run and the claims should be dismissed.

Plaintiff's argument for equitably tolling the statute of limitations for the fraud claims fails because Michigan does not follow the equitable tolling doctrine. Rather, Michigan applies a separate limitations period in cases of fraudulent concealment of a cause of action. M.C.L. § 600.5855 provides:

> "If a person who is or may be liable for any claim fraudulently conceals the existence of the claim . . . from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations."

Troy_592733_1

"Fraudulent concealment is defined as the 'employment of an artifice, planned to prevent inquire or escape investigation, and mislead or hinder acquirement of information disclosing a right of action." *See, English v. Bousamra*, 9 F. Supp. 2d 803, 810 (W.D. Mich. 1998) (citations and quotations omitted). "The plaintiff must show that the defendant engaged in some arrangement or contrivance of an affirmative character designed to prevent subsequent discovery. Mere silence is insufficient. If liability were discoverable from the outset, then MCL 600.5855 will not toll the applicable period of limitations." *See, Prentis Family Found., Inc. v. Barbara Ann Karmanos Cancer Inst.*, 698 N.W.2d 900, 909 (Mich. App. 2005).

Here, plaintiff utterly fails to allege that the liability was not discoverable from the outset. In fact, plaintiff admits to signing and receiving the note, mortgage, TILA disclosure statement, and HUD-1 Settlement Statement in 2003. As his fraud claims arise out of alleged misrepresentations made in these documents, the claims were clearly discoverable in 2003. Therefore, the six-year statute of limitations should apply and the fraud claims are time-barred.

### D. The Court Should Dismiss Plaintiff's Remaining Claims

Plaintiff's response utterly fails to address the arguments made in BAC's motion to dismiss regarding plaintiff's claims of lack of standing, unjust enrichment, breach of fiduciary duty, usury, breach of contract, quiet title, intentional infliction of emotional distress, negligence/negligence per se, breach of the implied covenant of good faith and fair dealing, conspiracy, deceptive practices, and predatory lending. Therefore, the claims should be dismissed for the reasons stated in the motion to dismiss.

### E. More Definite Statement

In plaintiff's response, he states that he "is willing to prepare a more definite statement for the court," and that the Court should "treat Defendant's pleading as a request for a more

definite statement, in which case, Plaintiff will provide a more definite statement as requested." Plaintiff offers no authority to support his claim that the Court should treat the motion to dismiss as one for a more definite statement. Indeed, Fed. R. Civ. P. 12(e) provides that "[a] party *may* move for a more definite statement of a pleading . . . which is so vague and ambiguous that the party cannot reasonably prepare a response." Defendants are not required to do so, and may properly move to dismiss.

Plaintiff is effectively asking the Court for leave to amend. However, amendment would be futile because plaintiff's claims are time-barred and there is no basis for equitable tolling. It is undisputed that: (a) plaintiff signed and received copies of the note, mortgage, TILA disclosure statement, and HUD-1 Settlement Statement among other documents more than seven years ago; (b) plaintiff received the proceeds of the loan in the amount of $92,000; and (c) plaintiff has failed to repay the loan. Everything was properly disclosed as required by TILA and RESPA. Thus, plaintiff does not have a claim against the originating lender, let alone BAC. Moreover, even if plaintiff did have a claim, it would be barred by the statute of limitations. Therefore, the Court should deny any request to amend because amendment would be futile as plaintiff could not cure the deficiencies of the complaint. *See, Blakely v. First Fed. Sav. Bank & Trust*, 92 F. Supp. 2d 799, 803 (E.D. Mich. 2000).

                                  BODMAN LLP

                                  By: /s/ Brian C. Summerfield
                                  Brian C. Summerfield (P57514)
                                  201 West Big Beaver Road, Suite 500
                                  Troy, Michigan 48084
                                  (248) 743-6000
                                  bsummerfield@bodmanllp.com
                                  Attorneys for Defendant BAC Home Loans
November 30, 2010                 Servicing, LP

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2010, I electronically filed the foregoing papers with the Clerk of the Court using the ECF System,

and

I hereby certify that on November 30, 2010, I have mailed by United States Postal Service the foregoing paper to the following:

John Studstill, Jr.
192 Brentwood St.
Inkster, MI 48141

/s/ Brian C. Summerfield
By:  Brian C. Summerfield (P57514)
201 West Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6000
bsummerfield@bodmanllp.com

Troy_592733_1