UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN STUDSTILL, JR.,

    Plaintiff,

v.

                              Case No. 10-13975

                              HONORABLE DENISE PAGE HOOD

BAC HOME LOANS SERVICING, LP,

    Defendant.
_____/

**ORDER GRANTING MOTION TO DISMISS**
**and**
**ORDER DISMISSING ACTION**

**I.    BACKGROUND**

On October 5, 2010, Plaintiff John Studstill, Jr. ("Studstill"), proceeding *pro se*, filed a Complaint against Defendant BAC Home Loans Servicing, L.P. ("BAC") alleging various causes of action, including: Breach of Fiduciary Duty; Negligence/Negligence Per Se; Common Law Fraud; Breach of Implied Covenant of Good Faith and Fair Dealing; Violation of Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; Intentional Infliction of Emotional Distress. (Complaint, pp. 20-24). In addition to stating "causes of action," Studstill also sets forth various allegations in a "Statement of Claim" including references to: Defendants' Lack of Standing; Agent Practiced Up-Selling; Fraudulent Inducement; Lender Attempting to Fraudulently Collect on Void Lien; Lender Charged False Fees; Real Estate Settlement Procedures Act ("RESPA") violations; Lender Conspired with Appraiser; Lender Conspired with Trustee; Deceptive Advertising and Other Unfair Business Practice; Equitable Tolling for TILA and RESPA; Business Practices Concerning Disregarding of Underwriting Standards; Unjust Enrichment; Claim to Quiet Title; and Sufficiency

of Pleading. (Complaint, pp. 8-20).

Studstill also filed a Motion for Preliminary Injunction and Motion for Restraining Order on October 5, 2010. The Honorable Robert H. Cleland, the judge originally assigned to the case, entered an Order mooting the Motion for Restraining Order given that the foreclosure sale Studstill sought to enjoin had already occurred. (10/28/2010 Order) The Motion for Preliminary Injunction is moot given that BAC agreed to stay the foreclosure sale pending the outcome of this litigation. (Motion to Dismiss, p. 1)

In lieu of filing an Answer, BAC filed the instant Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on November 1, 2010. Studstill filed a response to the motion and BAC filed a reply to the response.

**II.    ANALYSIS**

   **A.    Motion to Dismiss Standard of Review**

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993). *Pro se* litigants "must conduct enough investigation to draft pleadings that meet the requirements of the

federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984). Courts have refused to excuse *pro se* litigants from failing to follow basic procedural requirements such as filing deadlines and grant special or preferential treatment to *pro se* parties in responding to motions. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

### B. Standing

BAC moves to dismiss Studstill's claim of "lack of standing" because this is not a claim but a defense. BAC argues it is the defendant in this case and has made no claim based on a contractual violation. Studstill does not address this issue in his response to the motion. Given that lack of standing is not a cause of action and is generally an affirmative defense raised by a defendant, Studstill cannot claim "lack of standing" by BAC since Studstill is the plaintiff bringing a suit against BAC. *See, Hall v. Federal Deposit Ins. Corp.,* 920 F.2d 334, 340 (6th Cir. 1990).

### C. TILA Claims

BAC asserts that the one year statute of limitations under TILA bars Studstill's claims under TILA. Studstill argues the doctrine of equitable tolling must be applied given the fraud by the licensed professionals involved in this matter. Studstill claims that he acted with due diligence by dealing only with licensed professionals. Studstill asserts that he trusted the proactive statements of "Defendants" concerning the true value of the property, the condition of the real estate market, and the propriety of the fees charged to Plaintiff at closing. (Resp., ¶ 6) Studstill generally claims that Defendant charged false fees and that said fees were fraudulent. (Resp., ¶¶ 1-2) Studstill asserts that Defendant failed to provide full disclosure by failing to provide documentation to prove that the fees were authorized by law. (Resp., ¶ 2)

TILA, 15 U.S.C. § 1601 *et seq.,* "was enacted to promote the informed use of credit by

consumers requiring meaningful disclosure of credit terms." *Begala v. PNC Bank, Ohio, N.A.,* 163 F.3d 948, 950 (6th Cir. 1998). Generally, a violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The one-year period is subject to equitable tolling under limited circumstances. *Jones v. Transohio Savings Assoc.,* 747 F.2d 1037, 1041 (6th Cir. 1984). Under the doctrine of fraudulent concealment, the statute of limitations may be equitably tolled where the plaintiff alleges and establishes: 1) defendant concealed the conduct that constitutes the cause of action; 2) defendant's concealment prevented plaintiff from discovering the cause of action within the time limitations period; and 3) until discovery, plaintiff exercised due diligence in trying to find out about the cause of action. *Egerer v. Woodland Realty, Inc.,* 556 F.3d 415, 422 (6th Cir. 2009). The one-year period will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation. *Jones,* 747 F.2d at 1041.

Liberally construing Studstill's Complaint, the Court finds he has failed to allege fraudulent concealment sufficient to apply the equitable tolling doctrine as to Studstill's TILA violation claims against BAC. The original lender on the mortgage at issue was American Equity Mortgage, Inc. The mortgage and note were signed by Studstill on May 13, 2003. (Motion, Exs. A and B) The mortgage and the note were assigned to BAC on September 24, 2010. (Motion, Ex. C) The TILA Disclosure Statement is dated May 2, 2003. (Resp., Ex. 2) Studstill filed the instant action on October 5, 2010, more than seven years after Studstill signed the loan documents at issue.

Studstill's response admits he received the HUD 1 Settlement Statement and the TILA statement at the time he signed the documents at closing. Studstill does not allege that the fees were not disclosed but only alleges that the fees were fraudulent. There is no affirmative

5

misrepresentation which prevents a plaintiff from discovering a TILA violation if the provisions of the loans were disclosed in the loan documents signed by plaintiff. *See, e.g., Mills v. Equicredit Corp.,* 294 F.2d 903, 908-09 (E.D. Mich. 2003). Studstill's claims under TILA must be dismissed as barred by the statute of limitations.

    **D.**  **HOEPA Claims**

BAC also moves to dismiss Studstill's claims under the Home Owner Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, arguing that the statute of limitations applies. Studstill does not specifically address this issue in his response, other than generally claiming equitable tolling.

HOEPA, 15 U.S.C. §§ 1602(aa) and 1638, an amendment to TILA, was enacted to address specific deceptive and unjust practices in home equity borrowing. The one year statute of limitations claim also applies to HOEPA violations. 16 U.S.C. § 1640(e); *Koczara v. IndiMac Bank, FSB,* 2011 WL 379422 * 1 (E.D. Mich. Feb. 3, 2011)(unpublished). Pursuant to the same analysis above, the Court finds Studstill has failed to show that equitable tolling applies in his claim under HOEPA. Studstill's claims under HOEPA must be dismissed as barred by the statute of limitations.

    **E.**  **RESPA Claims**

BAC asserts that the RESPA claims alleged by Studstill should be dismissed based on three reasons. First, Studstill fails to allege which sections of RESPA were violated. Second, to the extent that Studstill alleges that certain disclosures were not provided, in violation of section 2604, that claim should be dismissed because there is no private civil action for a violation of 12 U.S.C. § 2604(c). Third, to the extent that Studstill alleged a violation of section 2605 governing the transfer or assignment of the right to service a mortgage loan, such a claim must be brought one-year from the date of the violation. In response, Studstill sets forth the alleged violations under RESPA

claiming that equitable tolling should apply.

RESPA, 12 U.S.C. § 2601 *et seq.,* requires lenders to disclose all settlement costs, practices and relationships. The Act also prohibits "kickbacks" and the receipt of unearned fees between lenders and third-party settlement service agents. 12 U.S.C. § 2607(a). RESPA claims are subject to a one-year statute of limitations from the date of the occurrence of the violation. 12 U.S.C. § 2614; *Egerer,* 556 F.3d at 421, n. 7. For the same reasons set forth above, Studstill has not shown that equitable tolling should apply in this case. Studstill's claims under RESPA must be dismissed as barred by the statute of limitations.

### F. Unjust Enrichment Claims

BAC moves to dismiss Studstill's unjust enrichment claims based on the six year statute of limitations, M.C.L.A. § 600.5813. BAC also claims that Studstill has failed to state an unjust enrichment claim. Studstill does not specifically address this argument in his response.

In Michigan, the elements of an unjust enrichment claim are: 1) receipt of a benefit by the defendant from the plaintiff; and 2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. *See Barber v. SMH(US), Inc.,* 202 Mich. App. 366, 375 (1993). Where there is an express contract that covers the same matter, an unjust enrichment claim cannot be maintained since an unjust enrichment claim seeks to imply a contract. *See Kammer Asphalt Paving v. East China Township Schools,* 443 Mich. 176, 185-86 (1993). Although BAC claims the unjust enrichment claim is based on the six year statute of limitations provided for breach of contract claims, M.C.L.A. 600.5807(8), courts have held that the three year statute of limitations applies since in an unjust enrichment claim, the contract is implied in law and is considered a claim for injury to property. *Phillips v. Daktronics, Inc.,* 2008 WL 324248 *3 (E.D. Mich.

2008)(unpublished).

Under either the six or three year statute of limitations, Studstill's claim is barred since the contract was signed in May 2003 and this action was not filed until October 2010, more than seven years later. In any event, Studstill has failed to state an unjust enrichment claim because there is an express contract that covers the same matter. Studstill's unjust enrichment claim must be dismissed.

### G. Fraud Claims

BAC moves to dismiss Studstill's claims based on fraud for failure to adequately allege fraudulent misrepresentation claims under Rule 9(b) of the Rules of Civil Procedures and statute of frauds. Studstill's response generally alleges fraud.

The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which the plaintiff relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003). Under Michigan law, a fraud or misrepresentation claim is governed by a six year statute of limitations. M.C.L.A. 600.5813; *Boyle v. Gen. Motors Corp.,* 468 Mich. 226, 230 n. 3 (2003). The discovery rule does not apply to cases alleging fraud. *Phillips,* 2008 WL 324248 at * 3.

Liberally construing Studstill's Complaint, the Court finds that he failed to adequately allege a fraud claim as required under Rule 9(b). He failed to allege the fraudulent statements by BAC on which he relied, the fraudulent scheme and BAC's intent to defraud Studstill. Even if Studstill stated a claim of fraud, Michigan's six year statute of limitations governing fraud bars such a claim.

### H. Breach of Fiduciary Duty Claims

BAC seeks to dismiss Studstill's breach of fiduciary duty claims as barred by the statute of

limitations. BAC also argues that there is no fiduciary relationship between Studstill and BAC. Studstill does not specifically address this argument.

A breach of fiduciary duty in Michigan is subject to the residual three-year statute of limitations for tort claims. M.C.L.A. 600.5805(10); *In re NM Holdings Co., LLC,* 622 F.3d 613, 625 (6th Cir. 2010). A fiduciary relationship exists when there is a reposing of faith, confidence, and trust and the placing of reliance by one upon the judgment and advice of another. *Borock v. Comerica Bank-Detroit,* 938 F.Supp. 428, 431 (E.D. Mich. 1996). The breach of fiduciary obligation occurs when a position of influence has been acquired and abused, when confidence has been reposed and betrayed. *Id.*

In this case, any allegations of a fiduciary relationship, if any, occurred when Studstill received advice regarding the fees set forth in the loan documents at issue back in May 2003. Studstill's breach of fiduciary duty claim must be dismissed as barred by the applicable three-year statute of limitations. Also, upon review of the Complaint, Studstill has failed to establish a fiduciary relationship between him and BAC given that BAC is an assignor to the mortgage and note and the assignment did not occur until 2010. There are no allegations that BAC gave Studstill any advice when Studstill signed the loan documents at issue.

**I.     Usury Claims**

BAC seeks to dismiss Studstill's usury claim that the interest charged was usurious. BAC argues it did not lend Studstill any money. M.C.L.A. 438.31c provides certain restrictions on the amount of interest that may be charged on a loan secured by a mortgage and Studstill did not allege that the interest at issue exceeded the rate allowed by the statute. Studstill's response does not address this argument specifically.

Any usury claim against BAC must be dismissed since BAC was not the original lender of the loan at issue and Studstill failed to allege that the interest rate charged by the original lender exceeded the rate allowed under M.C.L.A. 438.31c.

### J.     Breach of Contract Claims

BAC claims that Studstill has failed to state a breach of contract claim against BAC since there is no contract between BAC and Studstill.  BAC further claims that Studstill has failed to allege how BAC breached the contract at issue, such as charging a different interest rate or a higher monthly payment.  Studstill does not specifically address this argument in his response.

To state a claim for breach of contract, a plaintiff must first establish the elements of a valid contract:  1) parties competent to contract; 2) proper subject matter; 3) legal consideration; 4) mutuality of agreement; and 5) mutuality of obligation.  *Thomas v. Leja,* 187 Mich. App. 418, 422 (1990).  Once a valid contract is established, a plaintiff seeking to recover on a breach of contract theory must allege:  1) the terms of the contract; 2) that the defendant breached the terms of the contract; and, 3) that the breach caused plaintiff's injury.  *See, Platsis v. E.F. Hutton & Co., Inc.,* 642 F.Supp. 1277, 1309 (W.D. Mich. 1986).

A review of Studstill's Complaint shows that he has failed to state a breach of contract claim against BAC.  Studstill has not alleged that there is a valid contract between him and BAC.  Studstill has also failed to allege the terms of the contract breached and how BAC breached such terms of the contract.  Studstill's breach of contract claim against BAC is dismissed.

### K.     Quiet Title Claim

BAC argues that Studstill's quiet title claim must be dismissed since he failed to plead such a claim in the Complaint under Michigan law.  BAC further argues that there is no reason to avoid

the foreclosure sale already in process. Studstill in his response does not specifically address this argument, other than noting that there is ongoing criminal conspiracy by the banks and lending institutions.

Michigan law provides that a person who claims a right or title or interest in or right to possession of land, may bring an action against any other person who claims an inconsistent interest on the property. M.C.L.A. 600.2932(1). The plaintiff has the burden of proof in an action to quiet title and must make out a prima facie case of title. *Stinebaugh v. Bristol,* 132 Mich. App. 311 (1984). If the allegation of quiet title is premised as an attack on a foreclosure sale, in order to set aside a foreclosure sale, a plaintiff must establish "fraud, accident, or mistake." *Freeman v. Wozniak,* 241 Mich. App. 633 (2000). If a quiet title claim is intertwined with fraud claims, the claim must fail if a plaintiff cannot establish the fraud claims. *See, Hennigan v. Gen. Elec. Co.,* 2010 WL 3905770 (E.D. Mich. Sept. 29, 2010)(unpublished).

In this case, the Court has found that Studstill has failed to state a claim based on fraud against BAC. Studstill's quiet title claim must, therefore, also be dismissed for failure to state a claim upon which relief may be granted.

### L. Intentional Infliction of Emotional Distress Claim

BAC asserts that Studstill's intentional infliction of emotional distress claim must be dismissed for failure to state a claim. Studstill does not address this argument in his response.

In order to state a claim of intentional infliction of emotional distress, a plaintiff must show: 1) extreme and outrageous conduct; 2) intent or recklessness; 3) causation; and, 4) severe emotional distress. *Teadt v. Lutheran Church Missouri Synod,* 237 Mich. App. 567, 582 (1999). The conduct complained of must be so outrageous in character and so extreme in degree as to go beyond all

possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.  *Id.* at 582-83.

Studstill's Complaint fails to allege that BAC acted in such an outrageous manner. Studstill's claim of intentional infliction of emotional distress is dismissed.

### M.     Negligence/Negligence Per Se Claims

BAC claims that Studstill's negligence or negligence per se claims must be dismissed based on the statute of limitations, failure to allege a legal duty and the economic loss doctrine.  Studstill does not specifically address this argument in his response.

Tort actions in Michigan are barred by the three-year statute of limitations.  M.C.L.A. 600.5805(10).  A plaintiff must allege a legal duty between the defendant and plaintiff which conforms to a particular standard of conduct to protect others against unreasonable risks of harm. *Kessler v. Visteon Corp.,* 448 F.3d 326, 337 (6th Cir. 2006).  The economic loss doctrine in Michigan bars a party from recovering in tort economic losses suffered because of a breach of duty assumed only by contract.  *See Neibarger v. Universal Cooperatives, Inc.,* 439 Mich. 512 (1992).

Studstill signed the contract at issue in May 2003 and did not file the Complaint until October 2010, more than seven years later.  Studstill's negligence claim is barred by the statute of limitations.  Studstill's Complaint also fails to state a claim under a negligence theory given that the issue is based on a contract and Studstill has failed to allege a legal duty between him and BAC. Also, because the Complaint is based on a contract, the economic loss doctrine bars any tort economic losses by Studstill.  Studstill's negligence or negligence per se claims are dismissed.

### N.     Implied Covenant of Good Faith and Fair Dealing

BAC seeks to dismiss Studstill's claim of implied covenant of good faith and fair dealing.

Studstill does not address this issue specifically in his response.

In Michigan, there is no independent tort action for an alleged breach of contract's implied covenant of good faith and fair dealing. *Fodale v. Waste Management of Michigan, Inc.,* 271 Mich. App. 11, 35 (2006). Because Studstill's Complaint is based on a mortgage contract, his claim of covenant of good faith and fair dealing must be dismissed.

### O.   Conspiracy Claim

BAC asserts that Studstill's conspiracy claim must be dismissed for failure to state a claim upon which relief may be granted. In his response, Studstill asserts that there is ongoing criminal conspiracy.

In order establish a Section 1985(3) federal civil conspiracy claim, a plaintiff must establish: 1) a conspiracy involving two or more persons; 2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and 3) an act in furtherance of the conspiracy; 4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998). A civil conspiracy claim in Michigan must allege: 1) a concerted action; 2) by a combination of two or more persons; 3) to accomplish an unlawful purpose; 4) or a lawful purpose by unlawful means. *Ahlers v. Schebil,* 188 F.3d 365, 374 (6th Cir. 1999). A civil conspiracy, by itself, is not a cognizable claim but is defined by the tort that constitutes the underlying theory of liability. *Roche v. Blair,* 305 Mich. 608 (1943).

In this case, the Complaint fails to allege the specific agreement or concerted action between BAC and others that are unlawful. As noted above, Studstill has failed to state the tort of fraud. Studstill fails to state a claim upon which relief may be granted under a conspiracy theory.

### P.     Deceptive Practices Act

BAC seeks to dismiss Studstill's Deceptive Practices Act claim under 15 U.S.C. § 45 since there is no private right of action under the Act. Studstill does not specifically address this argument in his response, other than noting fraud.

Under the DPA, the Federal Trade Commission may bring a civil action to enforce the DPA. 45 U.S.C. § 45(a)(1)(A). An individual plaintiff may not invoke a private cause of action under the Act. *Federal Trade Comm'n v. Owens-Corning Fiberglass Corp.,* 853 F.2d 458 (6th Cir. 1988). Given that Studstill does not have a private cause of action under the DPA, the claim under the DPA is dismissed.

### Q.     Predatory Lending Claim

BAC seeks to dismiss any claim of predatory lending since there is no such cause of action under Michigan law and BAC did not lend Studstill the money. Studstill does not specifically address this argument.

Predatory lending is not a viable cause of action under Michigan law. *See, Yaldu v. Bank of America Corp.,* 700 F.Supp.2d 832, 847 (E.D. Mich. 2010); *Beydoun v. Countrywide Home Loans, Inc.,* 2009 WL 1803198 *4 (E.D. Mich. June 23, 2009). Studstill's predatory lending claim must be dismissed.

### R.     Amend the Complaint/More Definite Statement

In his response, Studstill claims he is willing to prepare a more definite statement and that he has since found evidence of knowing and deliberate criminal acts by lenders intended to defraud Studstill. BAC opposes any amendment to the Complaint.

Rule 15(a) of the Rules of Civil Procedures provides that a pleading may be amended if

justice so requires and that leave to amend shall be freely given, unless any proposed amendment would be futile. *Kottmyer v. Maas,* 436 F.3d 684, 692 (6th Cir. 2002). For the various reasons set forth above, the Court finds that any amendment to the Complaint would be futile. Studstill's request to amend his Complaint is denied.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss **(No. 7, filed November 1, 2010)** is GRANTED.

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction **(No. 2, filed October 5, 2010)** is MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: April 29, 2011

I hereby certify that a copy of the foregoing document was served upon John Studstill, Jr., 192 Brentwood Street, Inkster, MI 48141 and the counsel of record on April 29, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager